STOCKTON (BELTZHOOVER v.). See Case No. 1,283.

STOCKTON (BISHOP v.). See Case No. 1,440.

STOCKTON (GOODYEAR DENTAL VULCANITE CO. v.). See Case No. 5,599.

STOCKTON v. KENDALL. See Case No. 15,518.

STOCKTON (LOWE v.). See Case No. 8,567.

STOCKTON (SALTONSTALL v.). See Case No. 12,271.

---

## Case No. 13,463.

STOCKTON v. THROGMORTON.

[1 Baldw. 148.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

BAIL—JUSTIFICATION—SURRENDER OF PRINCIPAL.

1. Bail to the sheriff entered special bail; on being excepted to he refused to justify, whereupon he was sued on the bail bond; he surrendered the principal before the return of the writ. *Held*, that the surrender was good, and the bail entitled to relief on the usual terms.

2. No justification of bail is necessary where it is entered for the purpose of making a surrender.

Mr. Joseph R. Ingersoll, for plaintiff.

The whole proceeding is irregular. When special bail is entered after the expiration of the six weeks after the return of the writ, notice must be given though the bail is unexceptionable. Here special bail was entered after an exception, and without notice, which was a fraud on the plaintiff. This court has decided that in such case they will not give an exoneretur on the bail piece on a surrender so made, or grant relief on a suit on the bail bond; and that bail can have no relief unless they justify and perfect bail after an exception. Bobyshall v. Oppenheimer [Cases Nos. 1,589, 1,590]. A surrender by surreptitious bail is not good. 2 W. Bl. 1179, 1180.

Mr. Chauncey, for the bail.

As the plaintiff has lost neither a trial or a term, and the defendant is in custody, he has all the benefits of bail perfected, and the bail to the marshal has performed all he undertook to do by the condition of the bail bond. By the practice of the king's bench, bail to the sheriff may surrender after an exception, unless his name has been stricken from the bail piece. In the common pleas he is no longer bail after an exception—fresh bail must be put in; but any person may enter bail to make a surrender, and need not justify though the bail came from Newgate. Petersd. Bail, 234, 235, s. p. 2 W. Bl. 1179. As a universal rule, surrender is equivalent to perfecting bail, and gives the same right to relief on the bail bond suit. 1 Chit. 445; Tidd, Prac. 275; 3 Maule & S. 283; 4 Taunt.

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

669. The same rule prevails in New York. Ex parte Metzler, 5 Cow. 287. The bail bond never stands as a security where the plaintiff is put in as good a situation as if there had been no delay in entering bail. 1 Har. Dig. 175, and cases there cited; Cowp. 71. Such is the rule in this state. 2 Yeates, 387; 4 Bin. 344; 2 Serg. & R. 284. It is a security only where the plaintiff has lost a trial. 5 Serg. & R. 50; 1 Sell. Prac. 167, 182; 1 Tidd. Prac. 222, 245, 249; 2 H. Bl. 235; 4 Durn. & E. [4 Term. R.] 352. The decision of this court in Bobyshall v. Oppenheimer was founded on a rule supposed to be laid down in Harrison v. Davies, 5 Burrows, 2683, "that nothing can be a performance of the bail bond but putting in and perfecting bail." Vide Bobyshall v. Oppenheimer [supra]. Judge Washington was misled by elementary writers, who have interpolated the words "and perfecting;" which are not in the case in Burrows. There is a sound reason for the distinction. When bail is to remain as a security, it must be perfected; where it is entered only for the purpose of a surrender, it is immaterial who it is.

BALDWIN, Circuit Justice. In this case a writ issued on the 29th of July, 1829, returnable to October term; a declaration was filed on the 30th of July; the defendant was arrested and gave bond, with Thomas Butler as security, to the marshal, on the 12th of October; Butler entered special bail on the 23d of November; exceptions were filed on the 24th of November; bail did not justify; the bail bond was assigned to the plaintiff on the 16th of March, 1830; and sued on the 17th; Butler entered bail anew on the 29th of March, and surrendered the principal on the 1st of April on a bail piece.

The costs on the bail bond suit have been paid. The defendant offered to plead to issue, and try at the present term. Mr. Ingersoll now moves for judgment on the bail bond suit; and Mr. Chauncey, on behalf of the bail, to stay proceedings.

In support of his motion the plaintiff relies on the case of Bobyshall v. Oppenheimer [supra], in this court, which was an action brought to April term, 1822, bail given and the bond filed to October term, when an ineffectual attempt was made to release the bail and dismiss the suit. At April term following, another motion was made to stay proceedings, which was refused, whereupon the defendant pleaded comperuit ad diem; plaintiff replied nul tiel record, on which judgment was rendered, on an inspection of the record, for the plaintiff. Bobyshall v. Oppenheimer. This case, therefore, is no authority to support a motion for judgment, made on the return of a suit on the bail bond. The defendant has a right to plead to this suit, though the bond is forfeited, even if we should refuse to stay proceedings on his motion.

23FED.CAS.—8

It is a well settled rule, that where a bail bond is forfeited, assigned and sued, the bail will be relieved on paying costs in the bail bond suit, and entering and perfecting special bail in the original action, where the plaintiff has not lost a trial, and on a surrender of the principal is entitled to have an exoneretur on the bail piece. Had the bail justified in this case, or fresh bail been entered and perfected, there is no doubt that a surrender on the 1st of April would have entitled the bail to the relief asked for, as the plaintiff might have had a trial at this term, which is the first at which the original action could have been tried. The only question in this case is, whether the surrender, having been made by bail who refused to justify, and afterwards enter bail anew, has any effect on the plaintiff's action on the bail bond.

There is no doubt as to the principal that the surrender is good; he cannot object to the sufficiency or want of justification of bail. As to all the substantial objects of bail, then, the plaintiff has all that he is entitled to—the body of the principal in prison. It cannot affect his rights, whether the surrender was made by sufficient or insufficient bail; that could be important to him when the recognizance of bail was to remain as a security, a substitute for the body of the principal. In such a case there is no doubt that the bail must justify, or the plaintiff may proceed on his bail bond, as if none had been entered; but when bail is entered for the purpose of making a surrender, and not as a security, there would seem to be no good reason for holding the surrender void. It comes within the principle on which bail is relieved; the exigency of the writ is answered, and we should think ourselves authorized to grant the motion made on behalf of the bail, unless it should appear that the law is clearly otherwise. In Harrison v. Davies, 5 Burrows, 2683, the original defendant had been arrested, given a bail bond, and surrendered himself to the sheriff, before the return of the writ. The court refused to stay proceedings on the bail bond, declaring "that nothing can be a performance of the condition of the bail bond but putting in bail." The sheriff is not bound to give up a bail bond, on a voluntary surrender of the defendant before the return of the writ; it is optional with him to accept the surrender or not: if he does, the bail bond is discharged (1 East. 390; 6 Durn. & E. [6 Term R.] 753; 7 Durn. & E. [7 Term R.] 122; Bobyshall v. Oppenheimer); if not, it remains in force till the entry of special bail, and this is all that was decided in Harrison v. Davies. It does not negative the acknowledged right to enter bail, and make a surrender even before the return of the writ—in which case the sheriff must cancel the bail bond. In Orton v. Vincent, 1 Cowp. 71, the only point decided was, that where a judg-

ment might have been had against the original defendant in his lifetime, but who was dead before the motion to stay proceedings on the bail bond, the court would not relieve the bail. In Bobyshall v. Oppenheimer, the first application to relieve the bail, and dismiss the suit with costs, was on the ground of the original defendant having been discharged by the insolvent law of a state after the return of the writ on a suit on the bail bond; special bail had been put in, but on exception filed, refused to justify. The defendant, in the original action, offered to confess judgment, which the court held a sufficient answer to the objection arising from the loss of a trial; but said it was necessary to put in sufficient bail to entitle the parties to a stay of proceedings on the bail bond suit, as a discharge under the insolvent act, after an assignment of the bail bond, could not affect the plaintiff's rights against the bail. The motion was renewed at the subsequent term, on offering payment of costs and confession of judgment by the principal; special bail had not been entered, and there was no surrender. The court considered it as an application by appearance bail, without a legal appearance of the principal, refused to discharge the principal on the ground of his discharge as an insolvent, and overruled the motion. Bobyshall v. Oppenheimer. The cases cited by Judge Washington from 1 East and 6 and 7 Durn. & E. [6 and 7 Term R.], are all where the principal was surrendered before the return of the writ. The points decided in that case have no bearing on the present; we must take the reasoning of the court as applicable to the subject before them, and thus far it meets our entire concurrence; but we cannot consider it as an authority, that bail can in no case be relieved by a surrender of the principal, unless they have justified after exception. Judge Washington adopts a rule, supposed to be laid down by Lord Mansfield in the case of Harrison v. Davies, that bail must be put in, and perfected—Lord Mansfield's words are "putting in bail;" the words "and perfecting," is a gratuitous interpolation by elementary writers, adopted in some later cases, and thus misleading the judge. Without this addition to Lord Mansfield's opinion, it would not have come in collision with the motion now made in behalf of the bail. We shall follow our predecessors, in adopting this opinion as our guide in this case, but omit the interpolation; in doing so, we shall likewise follow other adjudged cases, which are in perfect accordance with the ground taken by the counsel of the bail.

It was settled by the four judges and three secondaries, 2 W. Bl. 758, that no justification is necessary by bail who immediately surrender their principal, notwithstanding such bail may have been excepted against: the same principle was adopted in Mitchell v. Morriss, 2 W. Bl. 1179; and in Jackson v. Trinder, Id. 1180, it was decided that an attorney, though not allowed to justify, might surrender. In French v. Knowles, a surrender made by bail put in after a judge's order, for time to put in and perfect bail, was held good, and the court say that the worth and substance of the bail, who by the surrender are discharged, is totally immaterial, though there was no justification. Barnes' Notes Cas. 111. So where the surrender is made by bail without justifying, after the expiration of time allowed to justify, and after the assignment of the bail bond. So where the surrender is made by bail who have been rejected, unless their names have been stricken from the bail-piece. 2 Saund. 61c, note; 5 Durn. & E. [5 Term R.] 401, 534; 7 Durn. & E. [7 Term R.] 297. In late cases in king's bench and common pleas, it has been decided that a surrender is equivalent to perfecting bail. 4 Taunt. 669; 3 Maule & S. 283. It has been repeatedly decided in the supreme court of Pennsylvania (4 Bin. 344; 2 Serg. & R. 284; 5 Serg. & R. 50; 2 Yeates, 387) that proceedings will be staid on a bail bond suit, where the plaintiff has all the advantage he would have had if bail had been entered at the regular time; the reason and principle of these decisions seem to cover the whole of this case, for by the surrender the plaintiff has all the advantage of perfected bail. It is believed that there is no case when the bail had been refused relief on the bail bond, where special bail has been entered and a surrender made before the plaintiff has lost a trial, or could have had a judgment against the principal. When bail has been entered for the purpose of making a surrender, it appears never to have been held necessary to justify; this seems to have been required only where bail was entered as a security for the appearance of the principal. Believing this to be the established law of bail, it is our opinion that the bail in this case is clearly entitled to relief on the terms offered; we accordingly overrule the plaintiff's motion, and direct proceedings on the bail bond suit to be staid, on complying with the terms offered.